**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00146-KMT

PIOTR AURZADNICZEK a/k/a PETE AURZADNICZEK and JAMIE BEARD

    Plaintiffs,

v.

HUMANA HEALTH PLAN, INC.; HUMANA INSURANCE COMPANY, and EHEALTHINSURANCE SERVICES, INC. d/b/a eHEALTH

    Defendants.

**STIPULATED PROTECTIVE ORDER**

Pursuant to the parties' Stipulation for Entry of Protective Order and good cause appearing, IT IS HEREBY ORDERED:

1. In connection with discovery proceedings in this action, the parties may designate appropriate information produced by that party as "Confidential Information" under the terms of this stipulated protective order (the "Protective Order"). The Protective Order is also applicable to additional parties that may be joined in the future, as well as any third parties required to respond to discovery in this action.

2. Confidential Information is defined as including any document (or portion thereof), thing, testimony, data, file, information, or other material that contains or reflects proprietary, financial, or Trade Secret information, whether oral, written, or demonstrative, that any party or third party desires not to be made public and for which the party claiming confidentiality has a reasonable expectation of confidentiality. "Trade Secret information" is defined in accord with C.R.S. § 7-74-102 to mean "the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement,

1

confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value. To be a "Trade Secret" the owner thereof must have taken measures to prevent the secret from becoming available to persons other than those selected by the owner to have access thereto for limited purposes." Confidential Information shall not include, *inter alia*, information or documentation that is: (a) available to the public or becomes available to the public through no unauthorized act of any party not designating such documentation or information as confidential; (b) is known to the non-designating party at the time of disclosure or production, except for Plaintiffs' Confidential Information as defined herein; or (c) is rightfully received by the non-designating party from a third party who owes no duty to the producing or disclosing party to keep the information or documentation confidential.

3. With respect to Plaintiffs, employees of Defendants, or individual third parties, Confidential Information also includes medical records, social security numbers or other sensitive personal identifying information and income or other financial information (collectively, "Confidential PII").

4. Any materials produced, given or served pursuant to discovery requests in this litigation and designated by the producing party as Confidential Information or any information contained in or derived from any of the foregoing materials, shall be subject to the provisions of this Protective Order.

5. Documents may be designated as Confidential Information by placing a stamp on each page that reads "CONFIDENTIAL." Electronically stored information may be designated as Confidential Information by placing a mark that reads "CONFIDENTIAL" on the information or media containing the information. Prior to designating any material as "CONFIDENTIAL" and subject to this Protective Order, the producing party must make a bona fide determination that the material is, in fact, confidential as defined above, the dissemination of

which would significantly damage the producing party's competitive position or impact the privacy rights of the producing party or non-parties.

6. The information described in this Protective Order may only be used and disclosed for the purposes of this litigation. The parties and the principals, officers, and employees of the parties actually assisting counsel with respect to this litigation, their counsel and counsel's associate attorneys, paralegals, and clerical, secretarial, and other staff employed by such counsel, or copy service personnel responsible for copying documents or materials in connection with the litigation, shall be bound by the terms of this protective order. No Confidential Information may be disclosed to any other person in accordance with this Protective Order unless such other person has been provided with a copy of the Protective Order, instructed to comply with it and has agreed, in writing, to be bound by the terms of the Protective Order by signing the form attached as Exhibit 1. Notwithstanding the foregoing, Confidential Information may be disclosed to the following persons without their first agreeing to be bound by the terms of this Protective Order and without their signing Exhibit 1: (a) This Court and its personnel; (b) any other court and its personnel, including any trial and appellate court; (c) court reporters; (d) jurors and alternate jurors; (e) any person that the Court allows to be in the courtroom at such time as Confidential Information is being used in the courtroom; and any person identified in a document designated as Confidential Information who was the author of the document in whole or in part, or who received or reviewed a copy of the document prior to its production or disclosure in this litigation.

7. This Protective Order shall continue in effect after the conclusion of this litigation. Unless otherwise specified by the Court, the Court retains jurisdiction throughout this litigation and following termination of this action to enforce this Order, and to make such amendments, modifications, deletions and additions to this Order as the Court deems appropriate.

8. Once the disclosing party in good faith designates material as Confidential Information, such material shall be treated pursuant to the terms of the Protective Order until such designation is withdrawn by the disclosing party or by an order of this Court.

9. Deposition exhibits or transcripts, or any portion thereof, may be designated as Confidential Information by making such a designation on the record at the deposition or by making such a designation in writing within 20 days of receipt of the deposition transcript by a party. If a party expects to make confidential designations within the 20-day period, the party shall make a record of that intention at the time of the deposition. If a record is made at the time of the deposition that the party intends to make confidentiality designations, the entire transcript and all exhibits to the deposition shall be treated as Confidential Information until more specific designations are made or the 20-day period expires. If no party makes a record at the time of the deposition of the party's intent to make confidentiality designations, or if the 20-day period expires without any party making specific record designations, no part of the transcript or exhibits shall be considered Confidential Information. The party asserting confidentiality shall bear the burden of ensuring that the cover page and any designated portions of the original transcript or any copies of the transcript bear, in substance, the legend "CONFIDENTIAL - Subject to Protective Order" when necessary.

10. An inadvertent failure by a disclosing party to designate any material as Confidential Information shall not waive any claim of confidentiality. In the event that a party inadvertently fails to designate any material as Confidential Information, that material shall still be treated as Confidential Information provided the disclosing party notifies the other parties in writing, as soon as practicable, designating the material as Confidential Information. Upon receipt of such written notice, a party shall treat the designated material as Confidential Information and shall stamp or mark it accordingly, or, if provided correctly designated copies of the material, destroy the mis-designated material or return it to the disclosing party. The parties shall not be

responsible for any disclosure of the mis-designated material prior to receipt of such written notice, provided such use or disclosure was proper with respect to the material as it was designated at the time.

11. Any party may dispute the designation of material as Confidential Information by setting forth the grounds for such dispute in writing (which includes e-mail) to the disclosing party. If the dispute cannot be resolved informally among counsel, it may be submitted to the Court by written motion for resolution or by following the specific procedure designated by the Court to resolve discovery disputes. The party designating material as Confidential Information shall bear the burden of proof as to the propriety of any designation. Pending informal resolution by the parties or order of this Court, any disputed information shall be treated in accordance with its designation by the parties.

12. In the event the parties wish to use any material or information designated as Confidential Information in any paper filed in Court in this litigation, the filing party shall designate the filing as "Level 1" pursuant to D.Colo. L.R. 7.2 without the need to file an accompanying Motion to Restrict. If any other party wants Confidential Information filed with the Court to maintain restricted status, the party shall file a Motion to Restrict within 14 days pursuant to Local Rule 7.2(e). If no Motion to Restrict is timely filed, the restriction shall expire and the involved material or information shall no longer be considered to be Confidential Information and shall no longer be subject to this Protective Order.

13. Upon written request of any party following the conclusion of this litigation, including any appeals, the other parties shall, through their respective counsel, within 30 days of receipt of the request, provide written confirmation to the others that they have destroyed or returned any and all Confidential Information, provided that counsel of record for each party may keep a copy of all pleadings and correspondence in this litigation and any attorney work-product, and further provided that all retained Confidential Information shall be

treated in accordance with the terms of the Protective Order. Also, within 30 days of receipt of the request, the parties shall also instruct any of their agents, expert witnesses or other third parties who were provided with Confidential Information under this Protective Order to destroy or return all Confidential Information and, once completed, shall confirm the return or destruction of such information to the producing party.

14. Nothing in this Protective Order shall be construed to limit the parties' (or disclosing party's) use or disclosure of their own materials.

15. If discovery material is inadvertently produced by any party that is subject to a claim of privilege or of protection as attorney work product or trial-preparation material and the producing party notifies the receiving party of the claim and the basis for it, then:

    a. such disclosure shall be without prejudice to any claim of privilege or protection,

    b. the receiving party shall not argue that such production constitutes waiver of any claim or privilege or protection,

    c. the receiving party shall promptly return or destroy the material in question and any copies.

If the receiving party in good faith disputes the claim of privilege or protection, the receiving party may maintain one copy of the disputed material, provided it promptly presents the information to the Court for *in camera* review and determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

16. Maintenance of the status of any Confidential Information, document, or thing covered by this Protective Order shall be subject to further order of the Court. Nothing herein shall preclude the parties from applying to the Court for modification of the terms of this

Protective Order as may be appropriate; provided, however, that prior to any such application, the parties shall confer and make a good faith effort to resolve the matter by agreement.

17. This Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Protective Order, nor the designation of any information, document, or the like as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

18. Notwithstanding anything to the contrary herein, any document or information designated as Confidential Information shall not be treated as such and is not subject to this Protective Order if the document or information entered the public domain through no act or omission of the non-designating party.

19. Nothing herein shall preclude Confidential Information from being used at trial and admitted into evidence at trial by any party and this use or admission into evidence of Confidential Information shall not be in violation of this Protective Order, even if it results in the dissemination of Confidential Information so used or admitted to the public. Should the party designating any document or information as Confidential Information desire to maintain the confidentiality of such document or information used or admitted at trial, it shall be the responsibility of the party designating such information or documentation as Confidential Information to file with the Court a motion seeking such relief as will prevent such Confidential Information from being disseminated to the public.

THIS MATTER coming before this Court on the Parties' Stipulation, the Court hereby adopts the foregoing Protective Order.

Done this 5th day of March, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

## **EXHIBIT 1**

I have read the foregoing Protective Order and agree to be bound by its terms and hereby agree that the Court shall have and retain jurisdiction over me to ensure my compliance therewith and to determine sanctions in the event of my non-compliance.

_____          _____
Signature                                                                               Date